UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **WENDY DEAN**, | |
| Plaintiff, | Civil Action No. |
| v. | |
| **STARMOUNT PROPERTIES, LLC, EZRA JORDAN,** and **SANDRA JORDAN**, | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT INJUNCTIVE RELIEF, AND DAMAGES**

<u>INTRODUCTION</u>

1.      In February 2022, Plaintiff Wendy Dean applied to rent an apartment from the Defendants who own and manage Alden Trace Apartments in Dawsonville, Georgia.  Ms. Dean has a disability that causes her to use a wheelchair. Defendants refused to rent to her on the basis of her disability.

2.      Alden Trace Apartments were built in 1998 and 1999 in violation of the 1968 Fair Housing Act, as amended in 1998, which requires apartment complexes built after March 1991 to be accessible to and useable by people with disabilities, like Ms. Dean.

3.      From the beginning, Defendants intended to exclude future residents with disabilities. Defendants' apartments do not have an accessible route into and through the unit or usable doors, kitchens, or bathrooms. The effect of these design choices reaffirms what Defendants told Ms. Dean – that they did not intend these apartments to be a home for people who have physical disabilities.

4.      Moreover, Defendants have been successful in excluding people with disabilities. Since building Alden Trace Apartments, they have had no tenants with a physical disability requiring the tenant to use a wheelchair.

5.      An estimated 14.8% of people living in Dawsonville have a disability. Of those residents, roughly 9% have an ambulatory disability that makes walking or standing difficult.[1]

6.      Defendants intentionally designed and built the apartments to exclude people with disabilities and continue to discriminate against individuals with disabilities like Ms. Dean. The consequence of these actions is that thirty-six apartments remain inaccessible to individuals with physical disabilities.

---

[1] 2020 American Community Survey, 5-Year Estimates, Table S1810, found online at:
https://data.census.gov/cedsci/vizwidget?g=1600000US1321940&infoSection=Disability&type=chart&chartType=bar

7.    To remedy these violations, Ms. Dean seeks declaratory and injunctive relief against the Defendants as well as monetary damages for the harm she has suffered due to their violations.

JURISDICTION AND VENUE

8.    Jurisdiction in this action is predicated on 42 U.S.C. § 3613 and 28 U.S.C. § 1331.

9.    Venue is proper under 28 U.S.C. § 1391(b) in that the Defendants reside in the Atlanta Division of the Northern District of Georgia and Defendants conduct business in the Northern District of Georgia.

PARTIES

10.    Plaintiff Wendy Dean ("Ms. Dean"), who requires the use of a wheelchair due to her disability, currently resides in Rockdale County, Georgia. Before moving to her current residence, Ms. Dean sought rental housing at an apartment complex in Dawsonville, Georgia, that is owned and managed by Defendant Starmount Properties, LLC (dba Alden Trace Apartments), by and through its partners, Ezra and Sandra Jordan. Ms. Dean has been, and continues to be, adversely affected by the discriminatory acts, policies, and practices of the Defendants identified below.

11.    Upon information and belief, Defendant Ezra Jordan is a member of the

limited liability company, Starmount Properties, LLC, which owns and manages

Alden Trace Apartments located at 40 Alden Ct, Dawsonville, GA 30534. Mr.

Jordan personally oversees the management of Alden Trace Apartments.

Defendant Ezra Jordan lives with Defendant Sandra Jordan at their home located at

19 Level Creek Rd., Sugar Hill, Gwinnett County, Georgia 30518.

12.    Upon information and belief, Defendant Sandra Jordan is a member of

Defendant Starmount Properties, LLC, which owns and manages Alden Trace

Apartments located at 40 Alden Ct, Dawsonville, GA 30534. Ms. Jordan

personally oversees the management of Alden Trace Apartments.

13.    Defendant Starmount Properties, LLC is the owner and manager of Alden

Trace Apartments located at 40 Alden Ct., Dawsonville, GA 30534. It may be

served through its registered agent, Defendant Sandra Jordan at 19 Level Creek

Rd., Sugar Hill, Gwinnett County, Georgia 30518.

<u>FACTUAL BACKGROUND</u>

14.    Until recently, Ms. Dean lived in Chambers County, Alabama. Ms. Dean

had a lease that required her to move out before May 7, 2022.

15.    At the time of her application, Ms. Dean worked full-time and remotely for

her employer in Alabama.

16.     Ms. Dean has an adult son who lives in Cumming, Georgia.

17.     Because Ms. Dean's lease was set to end and she did not need to live close to her employer, she decided to begin looking for housing that would be closer to her son.

18.     Ms. Dean's son and his wife were married in Dawsonville. When Ms. Dean went there for the wedding, she really liked the town and the surrounding area.

19.     Ms. Dean discovered Alden Trace Apartments while researching places to live in Northern Georgia near her son.

20.     Alden Trace Apartments were the most affordable apartments that Ms. Dean found. Alden Trace advertised rents of $775 per month.

21.     The median gross rent in Dawsonville is estimated to be $839 per month.[2]

22.     Rents in suburban communities around Atlanta were much higher.

23.     Alden Trace's apartments are single-level buildings with no stairs making them easier to navigate by Ms. Dean in her wheelchair. Ms. Dean also preferred to rent an apartment that did not require her to use an elevator.

---

[2] 2020 American Community Survey, 5-Year Estimates, Table DP04, found at:
https://data.census.gov/cedsci/vizwidget?g=1600000US1321940&infoSection=Financial%20Characteristics&type=chart&chartType=bar

24.     On January 5, 2022, Ms. Dean visited Alden Trace Apartments. Defendant Ezra Jordan showed her a model unit at the property and she drove through the complex to get a better sense of the community.

25.     On different occasions, both Ezra and Sandra Jordan explained that the initial lease for an apartment at Alden Trace Apartments is for two years.

26.     During her tour of the model apartment, she could tell that the doorway to the bathroom was not wide enough for her chair to pass through.

27.     Ms. Dean has used a wheelchair her entire adult life and finding ways to overcome these barriers is a regular part of her life.

28.     Her apartment in Valley, Alabama was not designed to be an accessible apartment, but she was still able to make use of the bathroom, kitchen, and other facilities in her home.

29.     Although her chair would not be able to enter the bathroom, she discussed ways in which she could overcome that barrier. Her son agreed to build her a free-standing bench that she could use to enter the bathroom and access the bathtub and toilet.

30.     On February 4, 2022, Ms. Dean submitted a rental application form provided by the Defendants and paid the $25 application fee. At no time did Ms. Dean

indicate to the Defendants that the apartment would have to be modified or that she would need special facilities because of her disability.

31.    After accepting the application, Defendants tried to dissuade her from applying.

32.    First, Defendant Ezra Jordan claimed to lose Ms. Dean's original application. After Ms. Dean inquired about her application's status, Defendant Ezra Jordan told Ms. Dean to resubmit the application.

33.    Ms. Dean sent a new copy of her application. On February 18, 2022, she again called to check on its status.

34.    The next day, Defendant Sandra Jordan left Ms. Dean a voicemail saying that Alden Trace Apartments would not rent to someone who had not worked in the Dawsonville area for six months.

35.    Ms. Dean call back and explained that she was already employed and worked remotely.

36.    Then, Defendant Sandra Jordan asked Ms. Dean if she was sure that she wanted Alden Trace Apartments to run her credit report.

37.    Defendant Sandra Dean posed the question about her credit report in the context of questions and comments related to Ms. Dean's use of a wheelchair and possible accommodations.

38.    Defendant Sandra Jordan talked with Ms. Dean about needing to pull the carpets up in the unit. Ms. Dean said that she would not ask them to pull the carpets up, nor would she ask for any renovations.

39.    Ms. Dean further explained the plan she and her son discussed to use a bench to allow her access to the bathroom.

40.    Ms. Sandra Jordan next asked Ms. Dean how she would access the bathtub.

41.    Again, Ms. Dean had to explain that she uses a regular bathtub in her current apartment and that she would be able to access that bathtub in a similar way. Ms. Dean offered to send Defendants photos of her apartment to show them she was perfectly capable of navigating these kinds of barriers.

42.    Defendant Sandra Jordan's response was to ask again whether Ms. Dean wanted Alden Trace to run her credit report.

43.    Ms. Dean agreed to have Alden Trace run her credit report unless Defendants would not rent to her because of her disability.

44.    It was at this point that Defendant Ezra Jordan entered the conversation.

45.    Defendant Ezra Jordan proceeded to explain to Ms. Dean that it would be very difficult for a handicap person to live at Alden Trace Apartments because the units do not have accessible doorways.

46.    He continued his explanation by emphasizing that this decision was made when the apartments were built. He told Ms. Dean that when they built Alden Trace, they planned to have families stay there – two adults and two children. Consequently, according to Defendant Jordan, they did not make units accessible to people with disabilities because that was not whom they expected to live in the apartments.

47.    Defendant Ezra Jordan then listed to Ms. Dean some of the accessibility barriers she would face if she lived there including doorways, bathtubs, and toilets that were not at the right width or height or otherwise, in his opinion, would be difficult for her to navigate.

48.    Ms. Dean again tried to convey that she did not need modifications to the apartment and that she and her son had devised a way to circumnavigate the bathroom door.

49.    Defendant Ezra Jordan was unmoved. He reiterated that Alden Trace was inaccessible and told her that in his opinion, she should go somewhere else.

50.    He concluded by saying that he did not have a good feeling about renting to her because Alden Trace Apartments were not designed for handicapped people and that they have never had any such persons living there in the past.

51.     Ms. Dean was extremely disappointed by the rental agent's refusal to rent her the apartment. The apartment met her needs. It was close to her son, within her budget, and would have permitted her to save money toward her goal of purchasing a home.

52.     Defendants had an available apartment that she was qualified to rent. Because of Defendants' refusal to rent to her based on her disability, Ms. Dean was forced to continue her search for a new home. She ultimately found an apartment in Rockdale County, which is significantly further from her son, and approximately $525 more per month in rent than Alden Trace Apartments.

<u>INJURY TO PLAINTIFF</u>

53.     As a result of Defendants' actions described above, Ms. Dean suffered, and continues to suffer, irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress and a deprivation of her rights to equal housing opportunities regardless of her handicapped status.

54.     In engaging in the unlawful conduct described above, Defendants acted intentionally and maliciously and with callous and reckless disregard of the federally protected rights of Ms. Dean, in violation of the Fair Housing Act of 1968, as amended, <u>42 U.S.C. § 3601 et seq.</u>

## COUNT 1
## VIOLATION OF 42 U.S.C. § 3604(f)(1): REFUSAL TO RENT

55.     Defendants, individually, and/or through the actions of their agents, have violated Plaintiff's rights under 42 U.S.C. § 3604(f)(1) by refusing to rent an apartment, or otherwise make housing unavailable to the Plaintiff because of her disability.

## COUNT 2
## VIOLATION OF 42 U.S.C. § 3604(c): DISCRIMINATORY STATEMENTS

56.     Defendants, individually, and on behalf of Starmount Properties, have violated the Plaintiff's rights under 42 U.S.C. § 3604(c) by making a statement with respect to the sale or rental of a dwelling that indicated a preference, limitation, or discrimination based on handicap or an intention to make any such preference, limitation, or discrimination.

## COUNT 3
## VIOLATION OF 42 U.S.C. § 3604(f)(3)(C): DESIGN AND CONSTRUCTION

57.     Defendants' apartment complex has 42 units, all of which are on a single level.

58.     Construction was completed in 1999.

59.     The complex contains nine buildings with four units in addition to three buildings with two units.

60.    Each of the buildings with four units is a covered multifamily dwelling subject to the FHA.

61.    Each "covered unit" at the Defendants' apartment complex, and the public and common use areas, is subject to the design and construction requirements of the FHA, 42 U.S.C. § 3604(f)(3)(C).

62.    On information and belief, Defendants failed to design and construct the apartments at Alden Trace in such a way that:

    a.  Public-use and common-use areas are readily accessible to, and usable by, people with disabilities;

    b.  Doors into and within covered units are sufficiently wide to allow passage by people in wheelchairs;

    c.  Covered units contain the following features of adaptive design:

        1.  An accessible route into and through the dwelling;

        2.  Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space;

        3.  Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

        4.  Reinforcements in bathroom walls that allow for the later installation of grab bars.

63.    Through the actions and inactions described above, Defendants have:

    a.  Discriminated in the rental of, otherwise made unavailable, or denied dwellings to Plaintiff because of her disability in violation of the FHA, 42 U.S.C. 3604(f)(1);

    b.  Made statements expressing with respect to the sale or rental of a dwelling that indicated a preference, limitation, or discrimination based on disability in violation of 42 U.S.C. § 3604(c); and

    c.  Failed to design and construct dwellings in compliance with the requirements mandated by the FHA, 42 U.S.C. 3604(f)(3)(C), and the applicable regulations.

64.    As a result of Defendants' wrongful conduct, Plaintiff has been injured by a discriminatory housing practice and is, therefore, an "aggrieved person" as defined by the FHA, 42 U.S.C. § 3602(i)(1).

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff prays:

    a.  That this Court hold a trial by jury on issues set forth in this Complaint;

    b.  That the Court declare the actions of Defendants complained of herein to be in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 *et seq*.;

c.  That Defendants be ordered to take appropriate affirmative actions to ensure that the activities complained of above are not engaged in again by them or any of their agents;

d.  That Defendants, their agents, employees, and successors be permanently enjoined from discriminating on the basis of handicapped status against any persons in violation of the Fair Housing Act of 1968, as amended;

e.  That appropriate punitive, compensatory, and emotional damages be awarded to Plaintiff and against Defendants;

f.  That Plaintiff be awarded their costs and reasonable attorney's fees in this action; and

g.  That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Submitted this 26th day of May, 2022.

**Wingo F. Smith**

Wingo F. Smith
Bar No. 147896
wingo@civil-rights.law
Jeff Filipovits
jeff@civil-rights.law

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, GA 30306
Tel. 404-905-2225

Bar No. 825553
G. Brian Spears
Bar No. 670112
bspears@civil-rights.law